State of Nebraska, appellee, v.
Bradley A. Simmons, appellant.
___ N.W.2d ___

Filed December 8, 2015.    No. A-15-171.

1. **Rules of Evidence: Appeal and Error.** When the Nebraska Evidence
   Rules commit the evidentiary question at issue to the discretion of the
   trial court, an appellate court reviews the admissibility of evidence for
   an abuse of discretion.
2. **Due Process: Evidence: Police Officers and Sheriffs.** Unless a crimi-
   nal defendant can show bad faith on the part of the police, failure to
   preserve potentially useful evidence does not constitute a denial of due
   process of law.
3. **Judgments: Due Process: Evidence: Appeal and Error.** A trial court's
   conclusion that the government did not act in bad faith in destroying
   potentially useful evidence, so as to deny the defendant due process, is
   reviewed for clear error.
4. **Evidence: Proof.** Because of its obvious importance, where mate-
   rial exculpatory evidence is destroyed, a showing of bad faith is not
   necessary.
5. **Assault: Words and Phrases.** Pepper spray is a dangerous instrument
   as defined by Nebraska law.
6. ____: ____. A dangerous instrument is any object which, because of its
   nature and the manner and intention of its use, is capable of inflicting
   bodily injury.

Appeal from the District Court for Johnson County: Daniel
E. Bryan, Jr., Judge. Affirmed.

Timothy W. Nelsen, Johnson County Public Defender, for
appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

Pirtle, Riedmann, and Bishop, Judges.

Pirtle, Judge.

## INTRODUCTION

After a bench trial, Bradley A. Simmons was found guilty of one count of assault on an officer in the second degree, a Class II felony. He appeals his conviction, asserting that certain evidence should not have been introduced and that the pepper spray used during the altercation should not have been considered a dangerous instrument within the meaning of the Nebraska Revised Statutes. For the reasons that follow, we affirm.

## BACKGROUND

Simmons, an inmate at Tecumseh State Correctional Institution (TSCI), was charged by information with one count of assault on an officer in the second degree. The information alleged that on February 6, 2013, he caused bodily injury to an employee of the Department of Correctional Services while the employee was engaged in the performance of his official duties. Specifically, he was charged with causing bodily injury to caseworker David Daire with pepper spray. The incident took place at TSCI.

Simmons filed a motion in limine on October 6, 2014. Prior to Simmons' motion, the State notified Simmons' counsel that the department no longer had possession of the physical evidence of the incident, because the pepper spray and the surveillance video depicting the incident were destroyed prior to the case's being referred to the Johnson County Attorney for prosecution. Simmons' motion requested that the State not be allowed to present testimony from the department's employees, because they had "intentionally destroyed evidence which may be mitigating to [Simmons] through their own actions and deeds."

On the date of the hearing on Simmons' motion in limine, the parties stipulated that the events resulting in the criminal filing in this case took place on February 6, 2013, and that the department did not notify the county attorney of the case until February 2014. They stipulated that the events were recorded, but that the department routinely destroys all video at least 6 months from the date it is recorded. The joint stipulation noted Simmons believed the video contained exculpatory evidence that would help his defense.

The State asserted the video evidence was destroyed as part of the normal video maintenance routine. The State also asserted the evidence was not exculpatory nor was it unavailable due to bad faith. After the hearing, the district court denied the motion in limine. The court reasoned that the State disclosed the lack of the video without any formal discovery order and that the State did not act in bad faith in failing to preserve evidence. Further, the court found that, although the video could contain potentially useful information, there was no showing that the video had any exculpatory value, and the parties could obtain comparable evidence from witness testimony.

The matter was tried before the district court for Johnson County on January 26 and February 3, 2015.

Daire testified that on February 6, 2013, he observed Simmons at the far end of the housing unit walking toward the "inmate telephones." When Daire saw Simmons again, he was carrying a bag of potato chips and Daire suspected they were not obtained in a way that is permitted. Daire told Simmons to give him the bag of chips. When he did not, Daire told Simmons he intended to search his cell and told him to leave the cell. At that time, Simmons was "lying on the top bunk of the cell." Daire testified that Simmons jumped down off of the bunk, grabbed the bag of chips, and attempted to leave the cell. When Daire asked him to leave the chips, Simmons moved rapidly and said to Daire, "Let's go." Daire radioed that there was an inmate behaving

aggressively and started to back out of the cell. Daire testified that Simmons began to swing his arms at him with closed fists. When Daire radioed a second time, Simmons grabbed the radio microphone from his hand and ripped it off of the cord. Daire said Simmons made contact and struck him around the head and ribs.

Daire said he looked for an opportunity to close the distance between them so Simmons could no longer swing at him. He grabbed Simmons around the waist and pulled him to the ground. During the struggle, Simmons reached over Daire's shoulders and grabbed a canister of pepper spray off of Daire's person, sprayed Daire in the face, and said, "See how this feels." Daire testified Simmons sprayed the pepper spray directly into his eyes, causing him to experience an extreme burning sensation. He was unable to open his eyes because they were tearing up rapidly and because of the pain. Daire was assisted by a case manager who responded to his radio call, and Simmons was secured. Daire was escorted to the staff bathroom to flush his eyes out with running water, then he was escorted to the administration area to shower and wash off the remaining pepper spray. He was taken to a hospital for followup.

Pepper spray is the first line of defense carried by caseworkers and corrections officers when in contact with inmates. A department lieutenant testified that the pepper spray used by the department is a 2-percent solution, which is a weaker solution than that carried by most law enforcement officers. The TSCI warden testified that the pepper spray canister allegedly used by Simmons was taken into evidence, but that it was not retained. He testified that the canister would have been weighed to determine whether it was used, but that such evidence is not a part of the record.

Simmons testified that he had a receipt for the purchase of the bag of chips. He asserted that he never put his hands on Daire and that he did not spray Daire with the pepper spray.

A video of security footage on the day of the incident was eventually discovered, and the parties stipulated that the video, marked exhibit 2, was that video. It was received without objection. The video reflects the beginning of the altercation, showing Daire backing out of a cell and Simmons swinging at him with his left fist, before they moved out of camera range.

The court found the State met its burden of proof, and Simmons was found guilty of assault on an officer in the second degree, a Class II felony. Simmons waived his right to a presentence investigation, and he was sentenced the same day to a term of 3 years' imprisonment. His sentence was to run consecutively to the sentences he was serving at the time. Simmons timely appealed.

## ASSIGNMENTS OF ERROR

Simmons asserts that the department intentionally disposed of relevant evidence and that the district court erred by admitting evidence produced by the department. Simmons also asserts the district court erred in finding that the pepper spray allegedly used by Simmons was a dangerous instrument within the meaning of Neb. Rev. Stat. § 28-930 (Cum. Supp. 2012).

## STANDARD OF REVIEW

[1] When the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, an appellate court reviews the admissibility of evidence for an abuse of discretion. *State v. Dominguez*, 290 Neb. 477, 860 N.W.2d 732 (2015).

## ANALYSIS

*Admission of Evidence.*

Simmons asserts the district court erred in admitting evidence from the department's employees after the department had intentionally disposed of relevant evidence in the case. In

his brief, Simmons states his argument is that "first the evidence destroyed by the [d]epartment . . . showed the incident as it happened, and further the OC Spray canister not being available for fingerprinting is clearly materially exculpatory evidence." Brief for appellant at 7.

Simmons asserts that employees of the department should not have been allowed to testify because the department destroyed potentially exculpatory evidence. Where there has been a pretrial ruling regarding the admissibility of evidence, a party must make a timely and specific objection to the evidence when it is offered at trial in order to preserve any error for appellate review; thus, when a motion in limine to exclude evidence is overruled, the movant must object when the particular evidence which was sought to be excluded by the motion is offered during trial to preserve error for appeal. *State v. Herrera*, 289 Neb. 575, 856 N.W.2d 310 (2014). Simmons' motion in limine sought to prevent the State from presenting witnesses who were employees of the department, and his motion was overruled. At trial, Simmons did not make a specific objection to the testimony or evidence presented, and he did not renew his motion in limine until the close of all of the evidence. Therefore, we find he did not timely renew his motion in limine, and this issue was not properly preserved for appeal.

[2-4] It also appears that Simmons may be asserting on appeal that he was prejudiced because the pepper spray canister used by Simmons was not available. In Nebraska, unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law. *State v. Hashman*, 20 Neb. App. 1, 815 N.W.2d 658 (2012). A trial court's conclusion that the government did not act in bad faith in destroying potentially useful evidence, so as to deny the defendant due process, is reviewed for clear error. *Id.* Because of its obvious importance, where material exculpatory evidence is destroyed,

a showing of bad faith is not necessary. *Id.* Where evidence that is destroyed is only potentially useful, a showing of bad faith is required.

Following Simmons' motion in limine, the trial court found that the video and canister, which were unavailable at the time, were potentially useful evidence, but there was no showing of bad faith in the department's failure to preserve this evidence. Simmons asserts the pepper spray canister would have been material exculpatory evidence if it had been available for fingerprinting; thus, a showing of bad faith was not necessary.

At trial, the State provided video evidence of Simmons swinging at Daire, and witnesses testified that Simmons struck Daire and sprayed him with pepper spray. Although a fingerprint analysis of the canister could have been helpful, there was ample evidence that Simmons dispensed the pepper spray during the altercation with Daire. There is no showing that the department acted in bad faith in destroying the canister. Thus, the district court did not abuse its discretion in allowing the State to present the evidence. This assignment of error is without merit.

*Dangerous Instrument.*

According to the Nebraska Revised Statutes, a person commits the offense of assault on an officer if he or she intentionally, knowingly, or recklessly causes bodily injury with a dangerous instrument to a peace officer, a probation officer, or an employee of the department, and the offense is committed while such employee is engaged in the performance of his or her official duties. § 28-930(1).

[5] While the appellate courts of Nebraska have not addressed the specific issue of whether pepper spray is a dangerous instrument, several other states have concluded that it can be considered a dangerous instrument capable of causing bodily injury. See, *U.S. v. Bartolotta*, 153 F.3d 875 (8th Cir.

1998) (serious bodily injury did result from use of mace); *People v. Blake*, 117 Cal. App. 4th 543, 557, 11 Cal. Rptr. 3d 678, 688 (2004) ("[m]ost courts have found tear gas, mace or pepper spray to be dangerous or deadly weapons capable of inflicting great bodily injury"); *State v. Ovechka*, 292 Conn. 533, 975 A.2d 1 (2009) (injuries suffered by victim supported finding that pepper spray is dangerous instrument or dangerous weapon); *Handy v. State*, 357 Md. 685, 745 A.2d 1107 (2000) (victim's temporary blindness and burning in his eye was sufficient evidence of serious physical harm to render pepper spray used in robbery as dangerous weapon). For the reasons stated below, we find that pepper spray is a dangerous instrument as defined by Nebraska law.

[6] Nebraska case law has defined a dangerous instrument as "any object which, because of its nature and the manner and intention of its use, is capable of inflicting bodily injury." *State v. Romo*, 12 Neb. App. 472, 476, 676 N.W.2d 737, 741 (2004). It might, for example, be a piece of lumber, a hammer, or many other physical objects. *State v. Hatwan*, 208 Neb. 450, 303 N.W.2d 779 (1981). For the purposes of the Nebraska Criminal Code, the Nebraska Revised Statutes define bodily injury as "physical pain, illness, or any impairment of physical condition." Neb. Rev. Stat. § 28-109(4) (Reissue 2008).

Simmons asserts the evidence admitted at trial showed the department does not allow dangerous instruments or weapons to be used in the housing units at TSCI. Therefore, he asserts, it follows that the pepper spray commonly carried by the caseworkers and employees at TSCI cannot be considered a dangerous instrument. He also asserts that the pepper spray did not cause "bodily injury" because Daire suffered only temporary pain, which could be treated with "a shower with baby soap." Brief for appellant at 7.

The pain caused to Daire, though temporary, clearly comes within the definition of "bodily injury" as defined by the

statutes. After being sprayed with pepper spray, Daire experienced pain which impaired his ability to see for the period of time that passed before he was able to rinse his eyes and face. Further, the pepper spray used by Simmons was capable of causing bodily injury, and was used in a way that did cause injury, so it must come within the definition of a dangerous instrument under the statutes. We find the district court did not err in determining that the pepper spray was a dangerous instrument within the meaning of § 28-930.

## CONCLUSION

We find the district court did not err in allowing the State to present evidence and in determining that the pepper spray used by Simmons was a dangerous instrument as defined by the Nebraska Revised Statutes.

AFFIRMED.